UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEONARD CARTER, | ) |
| | ) CASE NO. C22-551-RSM |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER DISMISSING COMPLAINT |
| | ) |
| UNIVERSITY OF WASHINGTON SCHOOL OF DENTISTRY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## I.  INTRODUCTION

Before the court are (1) *pro se* Plaintiff Leonard Carter's complaint against the University of Washington School of Dentistry (the "School of Dentistry) (Dkt. # 5)); and (2) Magistrate Michelle L. Peterson's order granting Mr. Carter *in forma pauperis* ("IFP") status and recommending that the court review this action pursuant to 28 U.S.C. § 1915(e)(2)(B) (Dkt. # 4)). Under 28 U.S.C. § 1915(e), courts have authority to review IFP complaints and must dismiss them if, "at any time," a complaint is determined to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  As discussed below, Mr. Carter's complaint falls within the

ORDER DISMISSING COMPLAINT - 1

category of pleadings that fail to state a claim. Accordingly, the court DISMISSES Mr. Carter's complaint with leave to amend.

## II.   BACKGROUND

Mr. Carter brings this lawsuit against the School of Dentistry alleging that it denied him previously promised dental services and as a result engaged in discriminatory conduct. Dkt. #5 at 4–5.

Mr. Carter alleges that in August 2015, the School of Dentistry informed him they would straighten his teeth using Invisalign for two years and then provide him with teeth implant services thereafter. *Id.* at 4. Mr. Carter claims the School of Dentistry did in fact provide him with two years of orthodontal work, but then denied him teeth implant services. *Id.* He alleges that the School of Dentistry's conduct was in violation of (1) "the Civil Rights Act of 1964 by U.S. Presidents John F. Kennedy and Lyndon B. Johnson"; (2) RCW 9.91.010; and (3) RCW 49.06.050. He asks the Court "for twenty thousand dollars for four teeth implants" and "for nine-hundred and ninety-nine million dollars for both mental and emotional distress." *Id.* at 4–5.

## III.   ANALYSIS

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed IFP "at any time" if it determines: (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) parallels the language of Federal Rules of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint therefore must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). Because Mr. Carter is a *pro se* plaintiff,

ORDER DISMISSING COMPLAINT - 2

the court must construe his pleadings liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). But even liberally construed, Mr. Carter's complaint fails to plausibly establish the Defendant's liability or raise his "right to relief above the speculative level." *See Twombly*, 550 U.S. at 555.

Mr. Carter alleges three bases for this Court's federal question jurisdiction of this case: (1) the Civil Rights Act of 1964; (2) RCW 9.91.010; and (3) RCW 49.06.050.[1] Both RCW 9.91.010 and RCW 49.06.050 are Washington state statutes and cannot serve as a basis for federal question jurisdiction. *See* 28 U.S.C. § 1331 (giving federal courts jurisdiction over cases "arising under" federal law). The Court assumes Mr. Carter intended to assert a federal claim for discrimination in public accommodations under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a. While a Title II claim would support federal question jurisdiction over this case, Mr. Carter's complaint does not plausibly establish Defendant's liability.

First, the enforcement provision of Title II contains a notice requirement, which prohibits a plaintiff from bringing a civil action "before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority," if such state has a law "prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice." 42 U.S.C. § 2000a-3(c). Washington has a law prohibiting discrimination based on race in places of public accommodation, and the Washington Human Rights Commission ("HRC") has authority to grant relief from such discrimination. *See* RCW 49.60.030(1)(b); RCW 49.60.120(4); RCW 49.60.215(1); RCW 49.60.230. Because there is a state law prohibiting racial discrimination in

---

[1] Because Mr. Carter and The School of Dentistry are citizens of Washington, this court cannot not have diversity jurisdiction over this case. *See* Dkt. #5. at 1-2; 28 U.S.C. § 1332 (giving federal courts jurisdiction over civil cases where the amount in controversy is greater than $75,000 and where the dispute is between citizens of different states).

ORDER DISMISSING COMPLAINT - 3

places of public accommodation and an agency authorized to grant relief for such conduct, a plaintiff bringing a civil action for a Title II claim of racial discrimination in Washington must first file written notice with the HRC at least thirty days before bringing any action in federal court. *See Ramirez v. Hart*, No. C13-5873RJB, 2014 WL 2170376, at *6 (W.D. Wash. May 23, 2014). Here, Mr. Carter has not pleaded that he filed written notice with the HRC at least thirty days before filing suit. (*See* Dkt. #5.) As a result, his claim is barred by 42 U.S.C. § 2000a-3(c).

Second, damages are not available for violations of Title II. *See Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1136 (9th Cir. 2002) (citing *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968)). Rather, the sole private remedy is an injunction under 42 U.S.C. § 2000a-3. *See id.* Thus, because Mr. Carter seeks only damages as a remedy for the Defendant's alleged discrimination, he cannot recover the relief he seeks under Title II. *See* Dkt. #5 at 4–5.

Finally, Mr. Carter's claims are barred by the statute of limitations for a Title II claim. Because Title II does not specify a time limit for bringing an action, courts look to the state statute of limitations for personal injury actions. *See* 42 U.S.C. § 2000a-3; *see also Soto v. Sweetman*, 882 F.3d 865, 871 (9th Cir. 2018) (noting that because 42 U.S.C. § 1983 does not specify a statute of limitations, courts borrow the statute of limitations for state-law personal injury claims). Washington's statute of limitations for personal injury claims is three years. *See* RCW 4.16.080(1). Here, the actions that form the basis of Mr. Carter's claims took place in August 2015—more than three years before the April 25, 2022, filing date of his complaint. *See* Dkt. #5. at 4. As a result, Mr. Carter's Title II claims based on Defendant's 2015 conduct are barred by the statute of limitations.

ORDER DISMISSING COMPLAINT - 4

For these reasons, the court concludes that Mr. Carter's complaint fails to state a claim against the School of Dentistry and dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  When a court dismisses a *pro se* plaintiff's complaint, however, the court must give the plaintiff leave to amend unless it is absolutely clear that amendment could not cure the defects.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  Therefore, the court grants Mr. Carter fourteen (14) days to file an amended complaint that properly addresses the pleading deficiencies identified in this order.  If Mr. Carter fails to timely comply with this order or fails to file an amended complaint that corrects the identified deficiencies, the court will dismiss his complaint without leave to amend.

## IV.   CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. Carter's complaint (Dkt. #5) for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), with leave to amend within fourteen (14) days of the filing of this order.

DATED this 22nd day of August, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE